Neil REID, a/k/a Neal Reid, Appellant,

v.

TINKER AUTO SALES, INC., an Oklahoma corporation, and Anita Kluver, Appellees.

No. 70858.

Court of Appeals of Oklahoma, Division No. 4.

Jan. 16, 1990.

Steve Coleman, Oklahoma City, for appellant.

Warren L. Griffin and Jeffrey S. Hart, Midwest City, for appellees.

BRIGHTMIRE, Chief Judge.

The issue presented is whether delivery of an automobile and its title, signed by the owner—but left unnotarized as "security" for the unpaid $2,000 purchase price—vests in the buyer a valid transferable title to the vehicle.

The trial court held that it did and denied the seller relief against two of the named defendants—an automobile dealer and a notary public. The plaintiff appeals the judgment as to these two defendants.

We affirm.

## I

The seeds for this lawsuit were sown when plaintiff Neal Reid agreed to sell a 1981 Chevrolet Malibu to one Gilbert Tate for $2,000. The terms of the sale included delivery of the car to Tate along with the title which Reid signed. The $2,000 purchase price was to be paid at some unspecified "later date." Reid's signature on the title was not notarized and the reason, according to Reid, was to provide him with some "security" for payment of the purchase price.

Following this transaction Tate drove the Malibu to Tinker Auto Sales where he proceeded to trade the Malibu for a pickup truck. Tate gave the Malibu title to Tinker. He never paid Reid.

Some time later Reid found out about the trade and visited with the Tinker sales manager about it. Reid admitted that he had signed the title to the Malibu but be-cause he had not been paid he wanted the Malibu back. Sales Manager Smith said he still had the Malibu and would get the pickup truck back from Tate.

Later, however, the manager changed his mind. He had defendant Anita Kluver notarize the Reid title and sold the Malibu to an innocent third party.

On December 18, 1987, Reid filed this small claims lawsuit against Tate, Tinker and, later on, against Kluver seeking "$1,500 for [the] market value" of the Malibu.

The cause was tried February 3, 1988, and the matter was submitted to the court on a stipulation of facts substantially as recited above. The trial court granted Reid a judgment for $1,500 against defendant Tate, but denied him relief against defendants Tinker and Kluver.

Reid's timely filed motion to reconsider was overruled on March 25, 1988. This appeal was lodged April 25, 1988, complaining of the trial court's rejection of Reid's prayer for relief against Tinker and Kluver.

## II

What this matter settles down to is this—did the plaintiff choose a legally sufficient means of establishing a vendor's lien on the Malibu?

We hold he did not. The law provides a means and manner of perfecting a vendor's lien on an automobile and the failure to notarize the transferor's signature on a title is not one of them. *See, e.g.,* 47 O.S.Supp.1989 §§ 1107 and 1110; 12A O.S. 1981 § 2–401(2).

Under the stipulated facts the plaintiff admits he intended to and indeed did transfer title to the Malibu to Tate under a sales agreement that called for Tate paying him $2,000 at some indefinite later date. At this point the transaction was complete. The fact that Reid's signature had not been notarized detracted neither from its authenticity nor its legal effect, except for the new owner obtaining a new title from

the tag office. *Hardware Mutual Casualty Co. v. Baker*, 445 P.2d 800 (Okl.1968).

It is true Kluver breached her notarial duty when she notarized Reid's signature outside his presence and without obtaining his personal acknowledgment. And if indeed it had not been Reid's signature, she would have been liable for any consequential detriment. But it was Reid's signature and the notary public's wrongful notarization resulted in *damnum absque injuria.*

AFFIRMED.

REIF and STUBBLEFIELD, JJ., concur.